98 F.3d 1342
 40 U.S.P.Q.2d 1703
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin JOHNSON, Plaintiff-Appellant,
v.
EN VOGUE; Atlantic Records Corp.; Denzil Foster; Atco
East-West Records; Thomas McElroy; David Lombard; Record
Den; WEA; Sony Music; Zappis Communication, also known as
WZAK Radio; WJMO Radio FM; Camelot Music; Transworld
Music Corp.; Irving Music Inc., also known as Rondor Music
International, Defendants-Appellees.
 No. 95-4146.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1996.
 
 Before: NORRIS, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Marvin Johnson, proceeding pro se, appeals a district court order dismissing Johnson's complaint against various entities and individuals affiliated with the music industry, alleging that these defendants infringed his copyright interest in a song that he had written. 17 U.S.C. §§ 101-702. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Johnson alleged that two of the defendants infringed his legal interest in his song entitled "Disco Boogie," when they wrote and disseminated a song entitled "You Don't Have To Worry." The district court granted the defendants' motions for summary judgment and dismissed the case. On appeal, Johnson reasserts the same claims presented in the district court. Johnson has also filed a motion to suppress two depositions that are part of the record and a motion to "take judicial notice of the audiotape attachment of appellant's brief."
 
 
 3
 On appeal, this court reviews a grant of summary judgment de novo. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); LaPointe, 8 F.3d at 378.
 
 
 4
 The defendants' evidence presented in support of their motions for summary judgment is sufficient to show that there is no genuine issue of material fact, and that they are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Johnson cannot establish all of the elements of copyright infringement. To establish infringement, two elements must be proven: 1) ownership of a valid copyright; and 2) copying of constituent elements of the work that are original. Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Hi-Tech Video Prods., Inc. v. Capital Cities/ABC, Inc., 58 F.3d 1093, 1095 (6th Cir.1995).
 
 
 5
 The defendants do not contest that Johnson has a valid copyright interest in the music and lyrics of "Disco Boogie." However, Johnson has presented no reliable evidence that the defendants had access to his composition so that they could copy it. Wickham v. Knoxville Int'l Energy Exposition, Inc., 739 F.2d 1094, 1097 (6th Cir.1984). The district court's finding on this issue was not clearly erroneous and, therefore, this finding will not be disturbed. Kepner-Tregoe, Inc. v. Leadership Software, Inc., 12 F.3d 527, 532-33 (5th Cir.), cert. denied, 115 S.Ct. 82 (1994).
 
 
 6
 Accordingly, Johnson's motions are denied and the district court's order granting summary judgment in favor of the defendants is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.